# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

UNITED STATES OF AMERICA,                    Criminal No. 12-26 (JRT/JSM)

Plaintiff,

v.                                                            **FINDINGS OF FACT,**
                                                              **CONCLUSIONS OF LAW AND**
(1) WAKINYON WAKAN MCARTHUR,                                   **ORDER**
(4) ANTHONY FRANCIS CREE, and
(6) WILLIAM EARL MORRIS,

Defendants.

---

Andrew R. Winter and Steven L. Schleicher, Assistant United States Attorney, **UNITED STATES ATTORNEY'S OFFICE**, 600 United States Courthouse, 300 South Fourth Street, Suite 600, Minneapolis MN 55415, for plaintiff.

Frederick J. Goetz, **GOETZ & ECKLAND PA**, 43 Main Street Southeast, Suite 505, Minneapolis, MN 55414, for defendant Wakinyon Wakan McArthur.

John C. Brink, **JOHN C. BRINK LAWYER**, 331 Second Avenue South, Suite 110, Minneapolis, MN 55401, for defendant Anthony Francis Cree.

Thomas H. Shiah, **LAW OFFICES OF THOMAS H. SHIAH**, 247 Third Avenue South, Minneapolis, MN 55415, for defendant William Earl Morris.

Robert M. Christenson, **ROBERT M. CHRISTENSEN, PLC**, 247 Third Avenue South, Minneapolis, MN 55415, for Chris Swinger.

Christopher Swinger ("Swinger") was subpoenaed to provide testimony in the above captioned criminal trial. Swinger appeared before the Court and refused to testify. Because Swinger violated the Court's order and offered no justification for his refusal to testify, the Court finds Swinger in contempt of court.

## FINDINGS OF FACT

1.     On October 23, 2012, upon application of the defense counsel, John Brink, Swinger was served with a subpoena issued by the Court to appear to testify in the above captioned criminal trial.

2.     On December 20, 2012, upon application of the United States, Swinger was served with a subpoena issued by the Court to appear to testify in the above captioned criminal trial.

3.     On February 5, 2013, Swinger appeared before the Court and refused to testify.  The Court provided Swinger with appointed counsel.

4.     On February 7, 2013, Swinger again appeared before the Court and, after having ample time to consult with appointed counsel, again refused to testify.  Swinger stated that he had no justification for his refusal to testify.

5.     The Court informed Swinger of the consequences of refusing to testify and that a judgment of civil contempt can form the basis for prosecution for criminal contempt.  The Court also informed Swinger that he could purge himself of the contempt by agreeing to testify at any time during the pendency of the trial.

## CONCLUSIONS OF LAW

6.     Pursuant to 28 U.S.C. § 1826(a), "[w]henever a witness in any proceeding before . . . any court . . . of the United States refuses without just cause shown to comply with an order of the court to testify . . . , the court, upon such refusal, . . . may summarily order his confinement at a suitable place until such time as the witness is willing to give such testimony . . . ."  The statute provides that the period of confinement shall not

exceed the length of the court proceeding and in no event shall it exceed eighteen months. *Id.*

7.     The party seeking to hold a witness in contempt bears the burden of establishing the facts warranting a civil contempt order by clear and convincing evidence. *Chicago Truck Drivers v. Bhd. Labor Leasing*, 207 F.3d 500, 504 (8th Cir. 2000).

8.     "A person charged with civil contempt is entitled to have counsel present, to be given adequate notice, and to have an opportunity to be heard." *United States v. Anderson*, 553 F.2d 1154, 1155 (8th Cir. 1977).   Adequate notice should include informing the person that he or she has the "right to purge" his or her contempt and be released from confinement by complying with the court order.  *See United States v. Hughey*, 571 F.2d 111, 115-16 (2d Cir. 1978).  It should also include informing the person that the civil contempt sanctions do not preclude later criminal prosecutions based on the same conduct.  *United States v. Monteleone*, 804 F.2d 1004, 1009 (7th Cir. 1986).

9.     Civil contempt sanctions are "coercive (to encourage compliance), not punitive." *U.S. v. Hefti*, 879 F.2d 311, 315 (8th Cir. 1989).

10.     The Court appointed counsel for Swinger and provided him with all of the required warnings regarding the consequences of his refusal to testify.

11.     The Court finds by clear and convincing evidence that Swinger has refused to obey the Court's subpoenas requiring Swinger to testify in the above captioned criminal case.   The Court observed Swinger, in open court, proclaim his refusal to comply with the subpoenas.  Swinger stated that he had no justification for his refusal to testify. *See In re Matter of Grand Jury Subpoena*, 739 F.2d 1354, 1359 (8th Cir. 1984)

(explaining that "absent a claim of privilege, the duty to give testimony remains absolute"

(quoting *United States v. Mandujano*, 425 U.S. 564, 575 (1976)).

## ORDER

Based on the foregoing, and the records, files, and proceedings herein, **IT IS HEREBY ORDERED** that

1.      Swinger is adjudged in civil contempt of this Court.

2.      Swinger is hereby committed to confinement in the custody of the United States Marshal until such time as he is willing to provide testimony as required by this Court's subpoenas or until the conclusion of this proceeding.

3.      This contempt confinement shall interrupt the service of Swinger's criminal sentenced imposed by the Minnesota state court, which shall not continue to run during the period that Swinger is being held in civil contempt confinement.  The sentence imposed on Swinger by the Minnesota state court shall resume when the civil contempt confinement of Swinger, pursuant to 28 U.S.C. § 1826(a) has terminated.[1]


DATED:  February 7, 2013                          _s/ John N. Tunheim_____
at Minneapolis, Minnesota.                          JOHN R. TUNHEIM
                                                            United States District Judge

---

[1] *See In re Grand Jury*, 640 F.3d 385 (1st Cir. 2011) (providing that a district court may "suspend the running of a prisoner's state sentence when the prisoner is temporarily confined for federal civil contempt"); *In re Grand Jury Investigation*, 865 F.2d 578 (3d Cir. 1989) (same). *But see In re Liberatore*, 574 F.2d 78, 84-90 (2d Cir. 1978).