# EXHIBIT 2

NOT DESIGNATED AS UNPUBLISHED AND MAY NOT BE CITED EXCEPT AS PROVIDED BY MINN. ST.

Court of Appeals of Minnesota.
STATE of Minnesota, Respondent,
v.
Wakinyan Wakan McARTHUR, Appellant.

No. C4-00-233.
Sept. 12, 2000.

Hennepin County Attorney, Donna J. Wolfson, Assistant County
Attorney, St. Paul, MN, and Amy Klobuchar,
for respondent.

State Public Defender, St. Paul, MN, for appellant.

Considered and decided by KALITOWSKI, Presiding Judge, SHUMAKER, Judge, and ANDERSON, Judge.

UNPUBLISHED OPINION

McArthur appeals from the district court's denial of his petition for postconviction relief. He alleges that the juvenile court lacked jurisdiction before imposing an adult sentence for murder and, therefore, his conviction must be vacated. We affirm.

FACTS

Wakinyan McArthur was eleven years old in 1988 when he had his first contact with the juvenile court through a delinquency petition. At that time through 1994, McArthur was the subject of ten delinquency petitions charging him with various offenses including motor vehicle, assault, escape from custody, and theft, burglary, false information to police, tampering with a motor vehicle, and fetal-alcohol effects.

McArthur's parents brought him to the emergency room at the Fairview-University Medical Center in Minneapolis on December 20, 1994. He was 16 years old at the time. He was admitted to the adolescent psychiatric unit for "a screw at his sister and threatened to 'snap [her] neck.'" He was admitted to the adolescent psychiatric unit with ADHD, mood disorder not otherwise specified, and fetal-alcohol effects.

On 1994, McArthur shot Stacy Rivers. Stacy Rivers died on December 31, 1994. The state filed a delinquency petition charging McArthur with two counts of murder and one count of manslaughter. In addition, he was charged with attempted murder. The state also sought to have McArthur certified to be tried as an adult on the murder charges. The juvenile court committed McArthur to the custody of the Juvenile Male Offenders Program for 14 months. He escape was still pending as well.

While on campus without staff escort and, in an unrelated incident, threw a stick of deodorant that struck his roommate. Appellant's treatment plan addressed three issues: mania or hypomania; inappropriate sexual behavior history. In May 1995, appellant reported taking more than 10 Ephedrine tablets. On no access to female patients.

Appellant's first post-commitment psychological assessment at BRISC. She determined that appellant, inter alia, conducted [other sexual offense] I performed oral and vaginal intercourse on my 2 sisters. The ages were 5-15, and the other was 3, and has one on both sisters. [other abuse or attempted rape] one other time, fondling the penis of a 15 year old, [other sexual behavior] Before 18, having a 16 year old suck me off, one time when I was 11 years old. After 18, having a [sexual offense] I performed oral him off, I was 13 [sexual fantasies currently masturbating]. Seeing my fiancee, [when first charged] I was six, [how many attempted rapes have you engaged in] 4, when my 3 sisters said no I stopped, [have you behaved with an adult male] yes, with a 19 year old.

[Counsel offered appellant's treatment and threatening him] they do not comply." In February 2005, Vicky LaPlant, recommended that he be continued in the Operation Rebound program, and to place him on probation, as the parties had already agreed. To commit him to the disposition of the adult and juvenile together... "The judge did, however, add that she "would like to combine the admission an adjudication of delinquency based on this offense admitting to the escape charge and the disposition of the adult and juvenile together... "The judge did, however, lead to the admission an adjudication of delinquency based on this offense admitting to the escape charge."

The judge questioned, but after defense counsel reviewed McArthur's legal rights with him, the parties again appeared before the same judge. McArthur pleaded guilty to murder in the second degree as charged. After defense counsel reviewed McArthur's additional charge of sexual assault in the 2nd degree. After defense counsel reviewed McArthur's judge asked McArthur before having received your Petition to Enter a Plea of Guilty as an adult to this offense would like to combine [...] the admission admitting to the escape if questions of the court before having received your Petition to Enter a Plea of Guilty as an adult to this offense based on the record and the admission.

defined that he had no questions, but that he didn't remember raping the cashier, but if it was on camera then it must be cited the petition ing statements from various persons, the judge stated:

It is considered ordered and adjudged, that you Wakan McArthur, by your plea of guilty to the charge of Murder in the Second Degree and Sexual Assault in the 2nd degree... are hereby committed to the Commissioner of Corrections for a period of 150 months... Rebound participation, as the Court has stated, will be concurrent with your adult probationary sentence.

- The execution of this sentence is hereby stayed for a period of 15 years, and you'll be placed on active probation for a 15-year period...
- The court will also order that the sentence on your adult case be served concurrent with your juvenile disposition.

The court then stated:

On November 29, 1998, after an evidentiary hearing, the court found that McArthur had violated his probation by illegally possessing a firearm, revoked his probation, and executed his 150-month sentence.

McArthur filed a petition for postconviction relief on October 14, 1999, alleging that the sentencing court "did not have subject matter jurisdiction over the murder because the juvenile court did not waive jurisdiction...". The postconviction court denied the petition, and McArthur appealed.

DECISION

A "postconviction proceeding is a collateral attack on a judgment which carries a presumption of regularity and which, therefore, cannot be lightly set aside." State ex rel. Gray v. Tahash, 279 Minn. 248, 250, 156 N.W.2d 228, 229 (1968).

Jurisdictional questions are questions of law that we review de novo. > TRWM Fin. Establishment v. Select Int'l, Inc.; 527 N.W.2d 573, 575 (Minn.App.1995) [personal jurisdiction]; > Neighborhood Sch. Coalition v. Independent Sch. Dist. No. 279, 484 N.W.2d 440, 441 (Minn.App.1992) [subject matter jurisdiction], review denied (Minn. June 30, 1992).

The postconviction court denied the petition, ruling that the sentencing court had subject matter jurisdiction over the murder and that written findings for the certification were unnecessary. The state argues that the sentencing court had subject matter jurisdiction and, in any event, McArthur's jurisdictional challenge is untimely.

McArthur claims that the sentencing court adjudged him delinquent on the murder charge and not on the escape charge. In support of his claim he points to the court's written order as "more conclusive evidence of the court's intent" than the record of the hearing. From the written order, he concludes that the sentencing court did not properly "waive" juvenile court jurisdiction over the murder charge.

When the court session resumed in the afternoon of April 26, 1995, it began with the prosecutor's announcement that the state had filed an adult complaint against McArthur, and the prosecutor's statement that McArthur intended to plead guilty to a murder count in the adult complaint. The court asked defense counsel whether McArthur was ready to be arraigned, and counsel said that he was. The clerk administered an oath to McArthur. The court then asked McArthur whether he would plead guilty or not guilty to the charge of second-degree murder. He replied, "guilty." That plea resulted in McArthur's conviction in district court as an adult of the crime of murder. See > Minn.Stat. § 609.02, subd. 5 (1994) ("'conviction' means any of the following accepted and recorded by the court: (1) A plea of guilty...").

Because we hold that the sentencing court properly waived its juvenile jurisdiction and that the postconviction court committed no error in finding that the sentencing court had jurisdiction to sentence McArthur as an adult on the murder charge, we need not address the state's argument that McArthur's challenge to subject matter jurisdiction is untimely.

Affirmed.

> (FN1.) The extended jurisdiction juvenile prosecutions statute took effect on Jan. 1, 1995, after the murder to which McArthur pleaded guilty. > Minn.Stat. § 260.126 (1994).