UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 12-026(1) (JRT/JSM) |
| Plaintiff, | |
| v. | **SENTENCING MEMORANDUM** |
| WAKINYON WAKAN MCARTHUR, | |
| Defendant. | |

Andrew Winter and Steven Schleicher, Assistant United States Attorneys, **OFFICE OF THE UNITED STATES ATTORNEY**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for plaintiff.

Frederick J. Goetz, **GOETZ & ECKLAND PA**, 43 Main Street Southeast, Suite 505, Minneapolis, MN 55414, for defendant.

On March 19, 2013, a jury found Wakinyon Wakan McArthur guilty of conspiracy to participate in racketeering activity in violation of 18 U.S.C. § 1962(d), conspiracy to use and carry firearms during and in relation to a crime of violence in violation of 18 U.S.C. § 1962(d) and 18 U.S.C. § 924(o), conspiracy to distribute and possess with intent to distribute controlled substances in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), distribution of a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and use and carrying of a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A).  At a sentencing hearing on September 30, 2014, the Court ruled on several objections McArthur raised to the presentence investigation report ("PSR") and imposed a sentence of 516 months imprisonment, as

well as a five-year term of supervised release.  This memorandum supplements the Court's determination, made on the record at the sentencing hearing, to overrule McArthur's objections to consecutive sentences for multiple 18 U.S.C. § 924(c) convictions and to the Court's consideration of attempted murder pseudo counts.

## I. Consecutive Sentences for 18 U.S.C. § 924(c) Convictions

McArthur argues that imposing separate, consecutive terms of imprisonment for his two 18 U.S.C. § 924(c) convictions violates the double jeopardy clause of the Fifth Amendment because the convictions relate to a single predicate offense.  In this case, the predicate offense is the conspiracy to participate in racketeering activity.  McArthur argues that because both § 924(c) convictions were for activity in furtherance of the same conspiracy, the sentences for those convictions must run concurrently rather than consecutively.

The Eighth Circuit is clear on this issue.  "[E]ach separate use of a firearm in relation to a violent crime or drug trafficking crime is punishable under section 924(c) regardless of whether other section 924(c) charges are related to the same predicate offense."  *United States v. Lucas*, 932 F.2d 1210, 1223 (8th Cir. 1991) (upholding consecutive sentences for multiple § 924(c) convictions where the predicate offense was a single drug trafficking conspiracy and one § 924(c) conviction involved the use of a firearm to protect the defendant and his drug trafficking proceeds, while the other § 924(c) conviction involved the use of a firearm to protect defendant's drug lab and its contents); *United States v. Hoover*, 543 F.3d 448, 455 (8th Cir. 2008).  If a defendant uses or carries a "firearm in two different places, threatening and assaulting two different

victims, and for two different, although related, purposes," then "[e]ach instance of use is separately punishable as a violation of § 924(c)." *Hamberg v. United States*, 675 F.3d 1170, 1173 (8th Cir. 2012) (upholding consecutive sentences for multiple § 924(c) convictions where the predicate offense was a drug trafficking conspiracy and each § 924(c) conviction involved separate assaults on separate individuals); *United States v. Edwards*, 994 F.2d 417, 424 (8th Cir. 1993) ("[T]he use of different weapons at different times—even if for the same general criminal purposes—constitutes two separate § 924(c) offenses for which consecutive sentences may be imposed under *Lucas*.")

Although the Eighth Circuit has required concurrent sentences where § 924(c) convictions are based on the use or carrying of multiple firearms on a **single** occasion, *see United States v. Freisinger*, 937 F.2d 383 (8th Cir. 1991), that rule does not apply where the firearms are used on separate occasions. *United States v. Ortiz-Martinez*, 1 F.3d 662, 671-72 (8th Cir. 1993). In McArthur's case, as in *Lucas* and *Hamberg*, the § 924(c) convictions relate to a single conspiracy, but they involved two different firearms used on two separate occasions—one on August 24, 2010 and another on March 28, 2011. Consequently, McArthur does not fall under the narrow exception established in *Freisinger*, where the defendant's four § 924(c) convictions were based on the defendant's possession of four firearms during a single arrest for cocaine possession. *See Freisinger*, 937 F.2d at 385. Because McArthur's § 924(c) convictions arose out of different uses of different weapons, the Court concludes that consecutive five-year and twenty-five-year sentences for those convictions do not violate the double jeopardy clause of the Fifth Amendment.

## II.   Consideration of Attempted Murder Pseudo Counts in Sentencing

McArthur also argues that the three attempted murder pseudo charges should not factor into the sentencing guideline calculation for conspiracy to participate in racketeering activity. The pseudo counts concern the August 21, 2010 attempted murder of rival drug dealer "Sonic" in Bemidji, the September 9, 2010 shooting at the Fardan residence, and the November 20, 2010 shooting at 3226 Minnehaha Avenue in Minneapolis. McArthur was not directly charged with any of these attempted murders. Rather, he was convicted by a jury of conspiracy to participate in racketeering activity, and the attempted murders are part of the underlying racketeering activities. (Superseding Indictment ¶ 15(a), July 19, 2012, Docket No. 709 ("The purposes of the Native Mob enterprise included the following: Preserving and protecting the power, territory, reputation, and profits of the enterprise through the use of intimidation and violence, including murder, **attempted murders**, assaults, robberies, and threats of violence[.]") (emphasis added).)

In imposing a sentence, "a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range." *Gall v. United States*, 552 U.S. 38, 49 (2007). The Guidelines range is calculated by first determining the base offense level and then adjusting the offense level to include any applicable enhancements or reductions. *See United States v. Bush*, 352 F.3d 1177, 1183 (8th Cir. 2003); *see also* U.S.S.G. § 1B1.1(a)(2)-(3). Under United States Sentencing Guideline § 2E1.1, the applicable offense level for unlawful conduct relating to racketeering is the greater of "(1) 19; or (2) the offense level applicable to the underlying racketeering activity."

U.S.S.G. § 2E1.1(a) (2014).  Where the conspiracy involves more than one underlying offense, the Court "treat[s] each underlying offense as if contained in a separate count of conviction for the purposes of [§ 2E1.1] subsection (a)(2)."  *Id.*, Application Note 1.  If the offenses do not involve "substantially the same harm" because they concern multiple victims or different transactions, the offenses cannot be grouped together for purposes of sentencing.  U.S.S.G. § 3D1.2(a).

McArthur argues that the attempted murder pseudo counts should not be factored into the sentencing calculus as offenses underlying the racketeering conspiracy, because a jury never found, beyond a reasonable doubt, that he was guilty of the offenses.  The Eighth Circuit has not squarely addressed the question of whether a defendant may be sentenced for uncharged, underlying predicate acts when convicted of a racketeering conspiracy.  In *United States v. Galloway*, the Eighth Circuit endorsed the consideration of uncharged offenses as a "relevant conduct" sentencing factor.  *United States v. Galloway*, 976 F.2d 414, 427-28 (8th Cir. 1992).  In approving the treatment of uncharged crimes as sentencing factors, the Eighth Circuit concluded that "it is constitutionally permissible to factor uncharged conduct into the sentencing calculus."  *Id.* at 425.  As such, sentencing judges may increase the sentencing range for a defendant based on uncharged crimes.  *Id.* at 427-28.

Several other circuits have even gone further and concluded that, where the offense of conviction is a conspiracy to participate in racketeering activity, courts may sentence defendants for underlying predicate acts when setting the base offense level, even if the predicate acts were not proven beyond a reasonable doubt at trial against the

- 5 -

specific defendant. *United States v. Yannotti*, 541 F.3d 112, 128-29 (2d Cir. 2008) ("[A] sentencing court may consider predicate acts as relevant conduct under U.S.S.G. § 1 because their commission need not be proven beyond a reasonable doubt."); *United States v. Corrado*, 227 F.3d 528, 541-42 (6th Cir. 2000); *United States v. Carrozza*, 4 F.3d 70, 74-75 (1st Cir. 1993). Accordingly, "a district court must increase a defendant's base offense level for relevant conduct, which includes . . . any acts that were part of the same course of conduct or common scheme or plan as the convicted offense, regardless of whether the defendant was charged with or convicted of carrying out those acts." *United States v. Duarte*, 950 F.2d 1255, 1263 (7th Cir. 1991) (quotation marks omitted). "When the offense of conviction is a RICO conspiracy, relevant conduct may include 'underlying predicate acts,' even if not proven at trial beyond a reasonable doubt, as long as the sentencing court finds that they were proven 'by the lower preponderance of the evidence standard.'" *United States v. Massino*, 546 F.3d 123, 135 (2d Cir. 2008) (quoting *Yannotti*, 541 F.3d at 129); *United States v. Infelise*, 835 F. Supp. 1466, 1484 n.31 (N.D. Ill. 1993) ("To increase a defendant's base offense level for uncharged or unconvicted activities, the court must find by a preponderance of the evidence that those activities were part of the same course of conduct or common scheme or plan as the convicted offense." (quotation marks omitted)).

Based on the evidence submitted at trial, the Court finds by a preponderance of the evidence that the August 21, September 9, and November 20 attempted murders were underlying predicate acts because they were committed by Native Mob gang members in furtherance of the conspiracy. In fact, as indicated by the Court at the sentencing hearing,

the Court concludes that these facts were proven beyond a reasonable doubt. The Court also finds beyond a reasonable doubt that McArthur was the leader of the Native Mob at the time these attempted murders were committed in furtherance of the conspiracy. Therefore, the attempted murders are properly attributable to McArthur as underlying predicate acts of the RICO conspiracy, even though McArthur was not convicted of the underlying offenses at trial.

Additionally, the Court must determine whether McArthur's sentences for the attempted murders will run concurrently or consecutively. Although McArthur encourages the Court to rely on U.S.S.G. § 5G1.1 to make this determination, the Court applies U.S.S.G. § 5G1.2 because there are multiple counts that cannot be grouped. *See United States v. Richart*, 662 F.3d 1037, 1050 (8th Cir. 2011). Under § 5G1.2, the Court is entitled to give full effect to each count and determine the total punishment for a defendant by stacking or adding the sentences for each separate offense. *United States v. Harris-Thompson*, 751 F.3d 590, 603 (8th Cir. 2014). In this case, a base level of 33 applies for each attempted murder. U.S.S.G. § 2A2.1(a)(1). When the offenses in this case are stacked, because each attempted murder involved a different victim and separate harm, the base level for Count 1 becomes 43.[1]

Having carefully considered the evidence and the parties' arguments, the Court concludes that consecutive sentences are appropriate for McArthur's 18 U.S.C. § 924(c) convictions, and the attempted murder pseudo counts were properly factored into the

---

[1] If the base offense level is higher than 43, as it is here when the base level for each attempted murder is combined, the Guidelines cap the total offense level at 43. *See* U.S.S.G. Ch. 5, Pt. 4, Application Note 2.

sentencing calculus as underlying predicate offenses of the RICO conspiracy.  For these reasons and for the reasons explained by the Court at the sentencing hearing, a sentence of 516 months is appropriate in this case.

DATED: October 8, 2014                           _____s/John R. Tunheim_____
at Minneapolis, Minnesota.                             JOHN R. TUNHEIM
                                                                        United States District Judge