**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 12-026(1) (JRT) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION DENYING § 2255 MOTION** |
| WAKINYAN WAKAN McARTHUR, | |
| Defendant. | |

Andrew R. Winter, Assistant United States Attorney, **OFFICE OF THE UNITED STATES ATTORNEY**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for plaintiff.

Wakinyan Wakan McArthur, Reg. No. 16299-041, USP – Hazelton, Post Office Box 2000, Bruceton Mills, WV 26525, *pro se* defendant.

On March 19, 2013, a jury convicted Defendant Wakinyan Wakan McArthur of six counts, including – as relevant to the pending motion – Conspiracy to Participate in Racketeering pursuant to 18 U.S.C. § 1962(d) and 21 U.S.C. §§ 841(a)(1), (b)(1)(A), (b)(1)(B), (b)(1)(C) and 846 and Aiding and Abetting the Use and Carrying of a Firearm during a Crime of Violence pursuant to 18 U.S.C. § 924(c)(1)(A). (Jury Verdict at 1-3, 9, Mar. 19, 2013, Docket No. 1098; Sentencing J. at 1, Oct. 9, 2014, Docket No. 1430.) McArthur was sentenced to 516 months in prison on September 30, 2014. (Sentencing J. at 2.) Originally, McArthur was convicted of two separate counts under § 924(c)(1)(A) corresponding with two separate acts undertaken as part of the racketeering conspiracy.

(*See* Redacted Superseding Indictment ¶¶ 94, 102, Mar. 19, 2013, Docket No. 1096; Jury Verdict at 9.)

While his direct appeal was pending, on June 27, 2016, McArthur filed a *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Pro Se Mot. to Vacate, June 27, 2016, Docket No. 1628.) In the motion, McArthur argues that the holding in *Johnson v. United States*, 135 S. Ct. 2551 (2015) – in which the Supreme Court invalidated as unconstitutionally vague the residual clause in the definition of "violent felony" in § 924(e)(2) – extends to the residual clause in the definition of "crime of violence" found in § 924(c)(3)(B).[1] (*Id.*) McArthur then argues that after applying the categorical approach, his predicate offense – racketeering – does not qualify as a "crime of violence" under the "force" clause found at § 924(c)(3)(A). (*Id.* at 3.)

After McArthur filed the instant motion, the Eighth Circuit vacated McArthur's second § 924(c) conviction on February 23, 2017, at the government's request, because the charging decision was in violation of an internal Department of Justice policy "provid[ing] that each § 924(c) charge in an indictment should be based on a separate predicate offense." *United States v. McArthur*, 850 F.3d 925, 940-41 (8th Cir. 2017). The

---

[1] The statute defines "crime of violence" as:

an offense that is a felony and –
   (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
   (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

§ 924(c).

Eighth Circuit vacated the entire judgment and remanded under the sentencing package doctrine articulated in *Greenlaw v. United States*, 554 U.S. 237, 253 (2008), *see McArthur*, 850 F.3d at 943, and on May 31, 2017, the Court resentenced McArthur to a term of 480 months' imprisonment on the remaining counts of conviction, which included one count under § 924(c)(1)(a), (3), (Ct. Mins. – Criminal, May 31, 2017, Docket No. 1741).

## DISCUSSION

Section 2255 permits a prisoner to move the court that sentenced him to "vacate, set aside or correct the sentence" on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *Walking Eagle v. United States*, 742 F.3d 1079, 1081-82 (8th Cir. 2014) (quoting *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996)).

To the extent McArthur's § 2255 motion is a challenge to the judgment imposed on September 30, 2014, the Court finds that the motion is moot because the Eighth Circuit vacated the judgment in its entirety in February 2017. However, on May 31,

2017, the Court did enter a new judgment on one count under § 924(c), and McArthur's motion could be interpreted as a challenge to the validity of that conviction.

A motion under § 2255 is "not a substitute for direct appeal." *Auman v. United States*, 67 F.3d 157, 161 (8th Cir. 1995) (quoting *United States v. Wilson*, 997 F.2d 429, 431 (8th Cir. 1993)). The window of time to appeal McArthur's sentence has not yet expired, and it is the Court's understanding that McArthur could raise the issues in his § 2255 motion on direct appeal. Thus, to the extent the pre-existing § 2255 motion is a challenge to the new judgment, the Court will dismiss the motion without prejudice as premature.[2] Because McArthur filed the motion prior to the entry of the operative judgment, the Court will not consider a future § 2255 petition from McArthur to be "second or successive" under § 2255(h).

## CERTIFICATE OF APPEALABILITY

The Court may grant a Certificate of Appealability only where the movant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The movant must show that "the issues are debatable among reasonable jurists, that a court could resolve the issues differently, or that the issues deserve further proceedings." *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For purposes of appeal under 28 U.S.C. § 2253, the Court finds that McArthur has not shown that reasonable jurists would find the issues

---

[2] While the Court does not decide the merits of McArthur's motion at this time, the Court notes that after McArthur filed the motion, the Eighth Circuit held that *Johnson*'s holding does not extend to the "crime of violence" definition in § 924(c)(3), *United States v. Prickett*, 839 F.3d 697 (8th Cir. 2016), and thus, McArthur's argument would also likely fail on the merits.

raised in McArthur's § 2255 motion debatable, that some other court would resolve the issues differently, or that the issues deserve further proceedings. The Court therefore declines to grant a Certificate of Appealability in this case.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED:**

1. Wakinyan Wakan McArthur's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [Docket No. 1628] is **DENIED without prejudice**.

2. For the purpose of appeal, the Court does not grant a Certificate of Appealability.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: June 5, 2017  
at Minneapolis, Minnesota.

_____s/ John R. Tunheim_____  
JOHN R. TUNHEIM  
Chief Judge  
United States District Court