# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 17-2300

———————————————

United States of America

*Plaintiff - Appellee*

v.

Wakinyan Wakan McArthur

*Defendant - Appellant*

————————

Appeal from United States District Court
for the District of Minnesota - St. Paul

————————

Submitted: July 30, 2019
Filed: August 12, 2019
[Unpublished]

————————

Before SMITH, Chief Judge, BEAM and COLLOTON, Circuit Judges.

————————

PER CURIAM.

A jury convicted Wakinyan Wakan McArthur of conspiracy to participate in racketeering activity (Count 1); conspiracy to use and carry firearms during and in relation to a crime of violence (Count 2); conspiracy to distribute and possess with intent to distribute controlled substances (Count 7); and distribution of a controlled substance (Count 8). *See* 21 U.S.C. § 841(a), (b); 18 U.S.C. § 2. He also was

Appellate Case: 17-2300    Page: 1    Date Filed: 08/12/2019 Entry ID: 4817949

convicted of two counts of using and carrying a firearm during and in relation to a crime of violence (Counts 10 and 11). *See* 18 U.S.C. § 924(c). Each of the § 924(c) counts corresponded to two separate acts undertaken as part of the racketeering conspiracy. For Count 10, the district court imposed a mandatory 60-month term. *Id.* § 924(c)(1). For Count 11, the district court imposed a 300-month consecutive sentence. In total, the district court sentenced McArthur to 516 months' imprisonment.

In his first appeal, McArthur challenged his convictions and sentences on the § 924(c) counts. We vacated McArthur's conviction on Count 11,[1] affirmed his remaining convictions, vacated his entire sentence, and remanded for resentencing on all the remaining counts under the "sentencing package doctrine." *See McArthur I,* 850 F.3d at 943.

During the pendency of his direct appeal, McArthur had filed a pro se petition under 18 U.S.C. § 2255 seeking to vacate his two § 924(c) convictions in light of the Supreme Court's ruling in *Johnson v. United States,* 135 S. Ct. 2551 (2015) (holding as unconstitutionally vague the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B), which defined "violent felony" to include an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another"). He argued that *Johnson* "extends to the residual clause in the definition of 'crime of violence' found in § 924(c)(3)(B)."[2] Mem. Op. Den. § 2255 Mot. at 2, *United States v. McArthur,* No. 0:12-cr-00026-JRT-JSM (D. Minn. June 5, 2017),

---

[1]"[T]he government . . . ask[ed] us to vacate one of McArthur's convictions based on an internal Justice Department policy to refrain from pursuing multiple § 924(c) charges" "ar[ising] from one predicate offense." *United States v. McArthur (McArthur I),* 850 F.3d 925, 940 (8th Cir. 2017).

[2]Section 924(c)(3)(B) defines "crime of violence" as a felony offense "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

Appellate Case: 17-2300    Page: 2    Date Filed: 08/12/2019 Entry ID: 4817949

ECF No. 1742. McArthur also argued "that after applying the categorical approach, his predicate offense—racketeering—does not qualify as a 'crime of violence' under the 'force' clause found at § 924(c)(3)(A)."[3] *Id.*

On remand, the district court sentenced McArthur to 480 months' imprisonment on the remaining counts of conviction: (1) a 240-month concurrent sentence on Count 1; (2) a 240-month concurrent sentence on Count 2; (3) a 420-month concurrent sentence on Count 7; (4) a 240-month concurrent sentence on Count 8; and (5) a 60-month consecutive sentence on Count 10, the lone remaining § 924(c) count. Then, it dismissed McArthur's § 2255 petition. It observed that "McArthur's motion could be interpreted as a challenge to the validity of [the new judgment]." Mem. Op. Den. § 2255 Mot. at 4. The court concluded that "[t]he window of time to appeal McArthur's [480-month] sentence has not yet expired, and . . . McArthur could raise the issues in his § 2255 motion on direct appeal." *Id.* The court dismissed the § 2255 petition "without prejudice as premature." *Id.*

In the opening brief of his second direct appeal, McArthur argued that the district court erroneously imposed a 480-month sentence by (1) determining that McArthur was responsible for a drug equivalency of 1,000 to 3,000 kilograms of marijuana, resulting in a base offense level of 30 pursuant to U.S.S.G. § 2D1.1(c)(5); (2) finding that McArthur maintained a premises for manufacturing and distributing a controlled substance under U.S.S.G. § 2D1.1(b)(12); and (3) finding that McArthur committed the offenses as part of a pattern of criminal conduct engaged in as a livelihood under U.S.S.G. § 2D1.1(b)(14)(E) (2014). But, after the case was submitted on the briefs without oral argument, McArthur requested permission to file a supplemental brief addressing the issues raised in his § 2255 petition in light of

---

[3]Section 924(c)(3)(A) defines "crime of violence" as a felony offense that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another."

Appellate Case: 17-2300     Page: 3     Date Filed: 08/12/2019 Entry ID: 4817949

*Sessions v. Dimaya*, 138 S. Ct. 1204 (2018) (holding that the definition of "crime of violence" provided in the residual clause of 18 U.S.C. § 16(b), as incorporated into the Immigration and Nationality Act's definition of "aggravated felony," was impermissibly vague in violation of due process). We granted the motion. In his supplemental brief, McArthur argued that because § 924(c)(3)(B)'s residual clause employs the same language as § 16(b)'s residual clause, § 924(c)(3)(B)'s residual clause is also unconstitutionally vague.

After completion of supplemental briefing, the government moved to hold the case in abeyance pending the outcome of *United States v. Davis*, 139 S. Ct. 2319 (2019), which would address directly whether the residual clause of § 924(c)(3)(B) is unconstitutionally vague. *Id.* at 2325. We granted the motion.

The Supreme Court subsequently held that the residual clause of § 924(c)(3)(B) is unconstitutionally vague. *Id.* at 2336. We then directed the parties to file supplemental briefs to address the impact of *Davis* on McArthur's appeal. McArthur now argues that his conviction under 924(c) must be set aside because § 924(c)(3)(B)'s residual clause is unconstitutionally vague. The government concedes that *Davis* renders McArthur's § 924(c) conviction invalid and that we must vacate the conviction.

Because no dispute exists that McArthur's § 924(c) conviction must be vacated, our next task is to "determine the appropriate remedy." *McArthur I*, 850 F.3d at 942. "Under the sentencing package doctrine, we 'may vacate the entire sentence on all counts so that, on remand, the trial court can reconfigure the sentencing plan to ensure that it remains adequate to satisfy the sentencing factors in 18 U.S.C. § 3553(a).'" *Id.* at 943 (quoting *Greenlaw v. United States*, 554 U.S. 237, 253 (2008)). Cases applying this doctrine "typically involve multicount indictments and a successful attack by a defendant on some but not all of the counts of conviction." *Greenlaw*, 554 U.S. at 253. On remand, the "trial court[] [may] impose[] a sentence

-4-

on the remaining counts longer than the sentence originally imposed on those particular counts, but yielding an aggregate sentence no longer than the aggregate sentence initially imposed." *Id.*

For the same reasons set forth in *McArthur I*, "[t]his is an appropriate case for application of the sentencing package doctrine." 850 F.3d at 943.

> McArthur was charged in a multicount indictment and convicted of several crimes. He has successfully challenged one of those convictions on appeal. When the district court determined McArthur's sentence on the remaining counts, the court acted on the assumption that he would receive a [60]-month consecutive sentence for Count [10]. With that sentence vacated, the district court should have an opportunity to decide whether a term of [420] months' imprisonment is sufficient to comply with the purposes set forth in 18 U.S.C. § 3553(a)(2).

*Id.*

Accordingly, we vacate McArthur's conviction on Count 10, vacate his entire sentence, and remand for further proceedings consistent with this opinion.[4]

———————————————

———————————

[4]Because we vacate McArthur's conviction on Count 10 and his entire sentence, we do not address his remaining arguments on appeal challenging his 480-month sentence.

-5-