UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

WAKINYAN WAKAN MCARTHUR,

        Defendant.

Case No. 12-00026(1) (JRT/JSM)

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO VACATE CONVICTION**

---

## PROCEDURAL HISTORY

Wakinyan Wakan McArthur was charged in a Redacted Superseding Indictment with the following offenses:

- Count 1:  Conspiracy to participate in racketeering activity in violation of 18 U.S.C. §1962(d);

- Count 2:  Conspiracy to use and carry firearms during and in relation to a crime of violence in violation of 18 U.S.C. §1962(d) and 18 U.S.C. §924(o);

- Count 3:  Attempted murder in aid of racketeering in violation of 18 U.S.C. §1959(a)(5) and 18 U.S.C. §2;

- Count 4:  Assault with a dangerous weapon in aid of racketeering in violation of 18 U.S.C. §1959(a)(3) and 18 U.S.C. §2;

- Count 5:  Use and carrying of firearm during and in relation to a crime of violence in violation of 18 U.S.C. §924(c) (1)(A);

- Count 7:  Conspiracy to distribute and possess with intent to distribute controlled substances in violation of 21 U.S.C. §841(a)(1) and 841(b)(1)(A), (b)(1)(B), (b)(1)(C) and 21 U.S.C. §846;

- Count 8:  Aiding and abetting distribution of a controlled substance in violation of 21 U.S.C. §841(a)(1) and §841(b)(1)(C);

- Count 9:  Use and carrying of firearm during and in relation to a crime of violence in violation of 18 U.S.C. §924(c) (1)(A);

- Count 10:  Use and carrying of firearm during and in relation to a crime of violence in violation of 18 U.S.C. §924(c) (1)(A); and

- Count 11:  Use and carrying of firearm during and in relation to a crime of violence in violation of 18 U.S.C. §924(c) (1)(A).

The case came on for trial before the Honorable John R. Tunheim, Chief Judge of the United States District Court for the District of Minnesota, beginning on January 24, 2013. On March 19, 2013, the jury returned its verdict finding McArthur not guilty of counts 3, 4, 5, and 9 but convicting him on counts 1, 2, 7, 8, 10, and 11.

In his first appeal to the Eighth Circuit Court of Appeals, McArthur's conviction on Count 11 was vacated. *United States v. McArthur*, 850 F.3d 925, 943 (8th Cir. 2017) (*McArthur I*). After his resentencing on May 30 and 31, 2017, McArthur again appealed his sentence and his conviction on Count 10 to the Eighth Circuit Court of Appeals. As to his remaining conviction under 18 U.S.C. §924(c), Mc Arthur argued, inter alia, that as the predicate offense for Count 10, conspiracy to participate in racketeering activity in violation

of 18 U.S.C. §1962(d) as alleged in Count 1 of the Superseding Indictment was only a

"crime of violence" under the residual clause of 18 U.S.C. §924(c)(3)(B); and as the

residual clause of §924(c)(3)(B) was unconstitutionally vague under *Johnson v. United*

*States*, 135 S.Ct. 2551 (2015); and *Sessions v. Dimaya*, 138 S.Ct. 1204 (2018); his

remaining §924(c) conviction was invalid and should be vacated. In the course of briefing

before the Eighth Circuit Court of Appeals, the government agreed that the purported

predicate crime of violence, the RICO conspiracy, was a residual clause offense. See *United*

*States v. Wakinyan Wakan McArthur*, Case No. 17-2300, Brief of Appellee dated September

7, 2018, (hereafter "Government's Brief"), at pp. 6, 8-9.[1] While the government agreed that

under the categorical approach, the residual clause of §924(c)(3)(B) was unconstitutionally

vague, the government advocated that a case-specific approach be used to determine

whether a predicate offense was a crime of violence under §924(c). Id.

By agreement of the parties, McArthur's second appeal was placed in abeyance pending

the decision of the United States Supreme Court in *United States v. Davis*, 193 S.Ct. 2319

(2019). In *Davis*, the Supreme Court directly addressed the question whether the categorical

approach applied to determine whether the residual clause of §924(c)(3)(B) was

constitutionally void for vagueness. *Davis,* supra at pp. 2328, 2330, 2332-2336. The

---

[1] As the government stated: "(t)he government further agrees that the particular predicate
offense at issue in this case, conspiracy to violate RICO, depends upon application of
§924(c)(3)(B). Government's Brief at p. 9. The government also agreed that if the
categorical approach is applied to determine whether an offense is a crime of violence
under §924(c)(3)(B), that provision is unconstitutionally vague. Id at pp. 8-9.

Supreme Court held that the categorical approach did apply and that, under this approach, the residual clause of §924(c)(3)(B) is unconstitutionally vague. *Davis,* supra at p. 2336.

In light of the Supreme Court's holding in *Davis*, the Eighth Circuit Court of Appeals held that McArthur's conviction on Count 10 was invalid and vacated this conviction. *United States v. McArthur*, 784 Fed. Appx. 459 (8th Cir. 2019) (*McArthur II)*. This specific ruling of the Eighth Circuit was as follows:

> The Supreme Court...held [in *Davis*] that the residual clause of §924(c)(3)(B) is unconstitutionally vague. We then directed the parties to file supplemental briefs to address the impact of *Davis* on McArthur's appeal. McArthur now argues that his conviction under §924(c) must be set aside because §924(c)(3)(B)'s residual clause is unconstitutionally vague. The government concedes that *Davis* renders McArthur's §924(c) conviction invalid and that we must vacate the conviction.

Id.

McArthur now argues that his conviction under 18 U.S.C. §924(o) is also invalid and must be vacated as it depends on the same predicate offense, conspiracy to participate in racketeering activity, which is no longer a crime of violence as §924(c)(3)(B) is unconstitutionally vague.

### ARGUMENT

*McArthur's conviction to conspiring to use and carry firearms during and in relation to a crime of violence is invalid as the predicate offense, conspiracy to participate in racketeering activity, is not a crime of violence as a matter of law the residual clause of §924(c)(3)(B) having been declared unconstitutionally vague.*

Wakinyan McArthur is charged in Count 2 of the Redacted Superseding Indictment with conspiracy to use and carry firearms during and in relation to a crime of violence in violation of 18 U.S.C. §924(o). ECF No. 1060-4 at pp. 34-35. 18 U.S.C. §924(o) provides as follows:

> A person who conspires to commit an offense under subsection (c) shall be imprisoned for not more than 20 years, fined under this title, or both; and if the firearm is a machine-gun or destructive device, or is equipped with a firearm silencer, or muffler, shall be imprisoned for any term of years or life.

18 U.S.C. §924(o).

As alleged in the Indictment, the "crime of violence" that McArthur knowingly and intentionally conspired with others to carry and use firearms during and in relation to was "conspiracy to violate Title 18 U.S.C. Section 1962(d) as alleged in Count 1...." ECF No. 1060-4 at p. 35. This is the same predicate offense alleged in Count 10 of the Indictment, the §924(c) conviction which the Eighth Circuit declared invalid in *McArthur II*. ECF No. 1060-4 at pp. 42-43.

The government agreed before the Eighth Circuit that the RICO conspiracy alleged in Count 1 of the Indictment is a residual clause offense. See Government's Brief at pp. 6, 9. Under *Davis*, the residual clause of §924(c)(3)(B) is unconstitutionally vague. *Davis*, supra at p. 2336. Because the RICO conspiracy is not a crime of violence, McArthur's conviction on Count 2 can no longer be predicated on this offense. See *United States v. Jones*, 935 F.3d 266, 271 (5th Cir. 2019) (holding that because a RICO conspiracy is not a crime of violence, §924 convictions, including a conviction under §924(o), could not be predicated on this offense after *Davis*).

Declaring McArthur's conviction on Count 2 invalid and vacating this conviction is compelled under the law of the case doctrine. The "law of the case" doctrine provides that an inferior tribunal is bound to honor the mandate of superior courts within a single judicial system. *United States v. Castillanos*, 608 F.3d 1010, 1016 (8th Cir. 2010). "When an appellate court remands a case to the district court, all issues decided by the appellate court become the law of the case, and the district court on remand must 'adhere to any limitations imposed on its function...by the appellate court.' " *Castillanos*, supra (quoting *United States v. Bartsch*, 69 F.3d 864, 866 (8th Cir. 1995) (quoting *United States v. Cornelius*, 968 F.2d 703, 705 (8th Cir. 1992))).

Under *McArthur II*, the question of whether the RICO conspiracy alleged in Count 1 of the Indictment is a "crime of violence" is settled: it is not. Because the predicate offense alleged in Count 2, the RICO conspiracy, is not a crime of violence, McArthur's conviction under 18 U.S.C. §924(o) is invalid and must be vacated. The §924(o) conspiracy did not involve a crime of violence and McArthur's conviction of this offense cannot stand as a matter of law.

## CONCLUSION

McArthur's conviction to conspiring to use and carry firearms during and in relation to a crime of violence is invalid as the predicate offense, conspiracy to participate in racketeering, is not a crime of violence as a matter of law the residual clause of §924(c)(3)(B) having been declared unconstitutionally vague. McArthur's motion to

vacate his conviction on Count 2 in violation of 18 U.S.C. §924(o) should therefore be granted.

Dated this 5th day of December, 2019.

Respectfully submitted,

GOETZ & ECKLAND P.A.

By: __s/Frederick J. Goetz_____
FREDERICK J. GOETZ
Attorney Registration No. 185425
Banks Building
615 First Avenue N.E., Suite 425
Minneapolis, MN 55413
(612) 874-1552

ATTORNEY FOR DEFENDANT