UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal Nos. 12-26 (JRT)

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | GOVERNMENT'S RESPONSE |
| | ) | TO DEFENDANT'S MOTIONS |
| v. | ) | TO VACATE, SET ASIDE OR |
| | ) | CORRECT SENTENCE PURSUANT |
| WAKINYAN WAKAN MCARTHUR, | ) | TO 28 U.S.C. § 2255 |
| | ) | |
| | ) | |
| Defendant. | ) | |

# INTRODUCTION

Defendant Wakinyan Wakan McArthur ("Defendant") stands convicted of a RICO conspiracy and drug-trafficking charges. Defendant was the Chief of the Native Mob, a murderous street gang in Minnesota. Following a 6-week trial and conviction on multiple counts, this Court sentenced Defendant to 513 months' imprisonment.

After the conviction and sentencing, Defendant raised multiple issues on appeal. In his first appeal, he claimed error with respect to his two convictions for aiding and abetting the use or carrying of a firearm during and in relation to, or the possession of a firearm in furtherance of, a crime of violence. The Eighth Circuit vacated Count 11 and remanded for resentencing. *See United States v. Wakinyan Wakan McArthur*, 850 F.3d 925 (8th Cir. 2017). On May 1, 2017, this Court resentenced the defendant to 480 months. *See* Doc. 1744 (Amended Judgement). Defendant filed a direct appeal of this sentence challenging the following findings by this Court: 1) the determination that Defendant was responsible for a base offense level of 30 drug quantity pursuant to U.S.S.G. § 2D1.1(c)(5); 2) finding

1

Defendant maintained a premises for manufacturing and distributing a controlled substance under § 2D1.1(b)(14)(E); and 3) finding that Defendant committed the offenses as part of a pattern of criminal conduct engaged in as a livelihood under U.S.S.G. § 2D1.1(b)(14)(E).

While this appeal of his second sentence was pending, the U.S. Supreme Court ruled that the residual clause of §924(c)(3)(B) was unconstitutionally vague. *See United States v. Davis*, 139 S.Ct. 2319, 2336 (2019). In light of *Davis*, the government conceded that Defendant's other remaining §924(c) conviction (Count 10) should also be vacated. The 8th Circuit then directed resentencing using the "sentencing package doctrine." *United States v. Mcarthur*, 784 Fed.Appx. 459, 461 (8th Cir. 2019).[1] In February of 2020, this Court resentenced Defendant to 420 months imprisonment. *See* Doc. 1971 (Amended Judgement). Defendant's appeal on the remaining sentencing issues was unsuccessful and the judgment of this Court was affirmed. *See United States v. Mcarthur,* 11 F.4th 655 (8th Cir. 2021). Throughout the above-described events, Defendant was represented by Mr. Frederick Goetz, Esq.

Defendant has filed a timely motion under 28 U.S.C. § 2255 alleging numerous grounds for relief. *See* ECF Doc. 2255. Defendant's motions are without merit and should be denied. There is no need for an evidentiary hearing on this matter.

---

[1]Based upon the reasoning set forth in *Davis*, the government also conceded that Mcarthur's conviction on Count 2 should also be set aside.

# DEFENDANT'S § 2255 MOTION

Defendant's § 2255 motion sets forth multiple claims of ineffective assistance of counsel. He argues that Mr. Goetz, was constitutionally deficient in plea negotiations, trial performance, sentencing advocacy, and appellate advocacy.

# ARGUMENT

Defendant's § 2255 motion is without merit and should be denied. Both his motion and memorandum fail to demonstrate either deficient performance or prejudice from his attorney, which is "fatal to an ineffective-assistance claim." *United States v. Lee*, 715 F.3d 215, 221 (8th Cir. 2013) (citation omitted). Because none of Defendant's arguments provide a basis for relief and the record amply supports trial counsel's performance, there is no need for an evidentiary hearing on this matter.

**A.     Legal Standard**

    1. <u>General</u>

A federal prisoner may motion under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence if it was imposed in violation of federal laws "or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The movant bears the burden of proof to establish that his sentence must be vacated. *Cassidy v. United States*, 428 F.2d 585, 587 (1970). Relief under 28 U.S.C. § 2255 is reserved for violations of constitutional rights and "for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996). Beyond constitutional and jurisdictional errors, however, the permissible scope of § 2255 claims are "severely limited." *Sun Bear v. United States*,

644 F.3d 700, 704 (8th Cir. 2011) (en banc). "[C]laims which were raised and decided on direct appeal cannot be relitigated on a motion to vacate pursuant to 28 U.S.C. § 2255." *Bear Stops v. United States*, 339 F.3d 777, 780 (8th Cir. 2003). Similarly, a movant "cannot raise a non-constitutional or non-jurisdictional issue in a § 2255 motion if the issue could have been raised on direct appeal but was not." *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994). In addition, defendants "cannot build a showing of prejudice on a series of errors, none of which would by itself meet the prejudice test." *Hall v. Luebbers*, 296 F.3d 685, 692 (8th Cir. 2002) (citation omitted).

Instead, to prevail on his § 2255 motion, Defendant must show his challenges present exceptional circumstances and raise a "fundamental defect which results in a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 346 (1974). Defendant must demonstrate that his counsel's deficient performance rendered the proceedings fundamentally unfair or unreliable. *El-Tabech v. Hopkins*, 997 F.2d 386, 389 (8th Cir. 1993). "Judicial scrutiny of counsel's performance must be highly deferential," and there is a "strong presumption" of competence. *Strickland*, 466 U.S. at 689.

As noted, *Strickland* is a two-prong test. To establish the first prong of deficient performance, a petitioner must show that, under all the circumstances, counsel's performance "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy."

4

*Strickland*, 466 U.S. at 689. Assuming the deficient performance prong is met, Petitioner must then show a reasonable probability that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. It is "not enough" to show that counsel's errors had *some* conceivable effect on the outcome. *Id.* (quoting *Strickland*, 466 U.S. at 687). Ultimately, Defendant must demonstrate that this deficient performance rendered the proceedings fundamentally unfair or unreliable. *El-Tabech v. Hopkins*, 997 F.2d 386, 389 (8th Cir. 1993). The court need not address both prongs if the movant makes an insufficient showing on one of the prongs. *Strickland,* 466 U.S. at 697.

    2.   <u>Defendant's Claim Related to Plea Negotiations</u>

In Ground Five, Defendant alleges that trial counsel failed to engage in plea negotiations with the government. *See* ECF Doc. 2255, p. 25. Defendant fails to meet his burden. The record[2] establishes that: a) counsel did make efforts to resolve the case within the scope authorized by Defendant; b) the government never tendered a formal plea offer to Defendant; and c) had the government tendered a formal plea offer, Defendant fails to prove that he would have accepted an offer.

It is true that a criminal defendant's Sixth Amendment right to competent legal representation "extends to the plea-bargaining process." *Lafler v. Cooper*, 566 U.S. 156, 162 (2012), *citing Missouri v. Frye*, 566 U.S. 134 (2012). However, criminal defendants do not have the "right to be offered a plea...." *Lafler*, at 168. Assuming defense counsel has

---

[2] The government relies on, and incorporates by reference, the record in this case which includes all district court proceedings, as well as the appellate record described above.

5

the duty to pursue a plea offer when requested, the failure to do so cannot prejudice a defendant without evidence demonstrating that, if defense counsel had requested a plea offer, the government would have made a plea offer. Cf. *Delatorre v. United States*, 847 F.3d 837, 846 (7th Cir. 2017) (Where the defendant's prejudice argument centers on his attorney's inability to secure a plea agreement for him, the defendant had to show—at a minimum—that the prosecutor would have actually offered him a deal had his attorney been competent).

    Here, the Declaration of Mr. Goetz establishes the efforts made to resolve the case within the authority granted by Defendant (the "15 to 20 year range"). Unsurprisingly, any negotiations ceased, and Defendant fails to present evidence that he would have ever accepted a negotiated plea above the 15-to-20-year range. Furthermore, a defendant who maintains his innocence at all the stages of his criminal prosecution and shows no indication that he would be willing to admit his guilt undermines his later § 2255 claim that he would have pleaded guilty if only he had received better advice from his lawyer. *Sanders v. United States,* 341 F.3d 720, 723 (8th Cir. 2003). Here, Defendant's own motion acknowledges that he had always maintained he was innocent of the "numerous overt acts set forth in the indictment." ECF Doc. 2255 at 25.[3] And, as this Court is aware, Defendant testified in his own defense which was, in its essence, an under-oath denial of virtually

---

[3] After the Court found that Defendant had waived the Attorney-Client privilege, Mr. Goetz provided a sworn declaration. *See* Attachment A. In this document, Mr. Goetz confirms the government never tendered a formal offer for Defendant's consideration. The Declaration notes that in July of 2012, Defendant provided him with authorization to seek a plea agreement from the government that was limited to between 15 and 20 years.

6

every element of every charge leveled against him. In addition to these facts in the record is a letter written by Defendant on March 6, 2012, which illuminates his attitude towards any negotiated settlement: *"If [the AUSA] ain't coming with 5 to 10 [years], then I am going to trial! I already got my mind made up. I won't accept anything else, cuz I am Not Guilty!" See* Attachment B, p. 2. Clearly, the government and Defendant were miles apart in terms of any resolution.

In his § 2255 motion, Defendant asserts he would have been willing to "consider" any plea offered by the government. Unpersuasive as that statement is, the record establishes there was no plea offer from the government[4] for Defendant to consider and no blame rests with Mr. Goetz for the government's unwillingness to offer one. Finally, the Declaration makes clear that *any* negotiated settlement between the government and Defendant would have required an antecedent plea from both Morris and Cree. And as this Court is aware, neither of these co-defendants resolved their cases with the government. As such, the necessary conditions for an acceptable resolution with Defendant did not exist and the case proceeded to trial.

3. Claims Related to Litigation

Defendant's many § 2255 claims about Mr. Goetz' services at trial are also without merit. Several of these claims are not cognizable under 28 U.S.C. § 2255 as they could have been raised on appeal. *Bear Stops v. United States*, 339 F.3d 777, 780 (8th Cir. 2003) *Anderson*, 25 F.3d at 706. For example, Ground One alleges the government conflated the

---

[4] *See* Declaration of Frederick Goetz, dated May 3, 2023, at p. 3.

elements of a substantive RICO charge with a RICO conspiracy charge and that Mr. Goetz was ineffective for failing to move to dismiss on those grounds. Doc. 2255, pages 4-11. Ground Two argues Mr. Goetz was ineffective for failing to move to dismiss Counts 1 and 7. Doc. 2255, pages 12-20. Ground Three alleges Mr. Geotz was ineffective for failing to move to dismiss Count Eight of the indictment. Id., pages 21-22. In Ground 6, Defendant alleges that Mr. Goetz committed constitutional error by failing to object a second time to witness coaching.[5] Doc. 2255 at 26. Assuming arguendo that a second objection was warranted by the facts, the failure to do so did not render the trial "fundamentally unfair or unreliable." *El-Tabech v. Hopkins*, 997 F.2d 386, 389 (8th Cir. 1993).

To the extent Grounds One, Two, and Three can be deciphered, and assuming arguendo those claims have merit, all were issues that could have been raised on appeal but were not. And failing to raise every cognizable issue before the trial court – or on appeal – does not make trial counsel ineffective. *See Winters v. United States*, 716 F.3d 1098, 1106 (because one of counsel's important duties is to focus on those arguments that are most likely to succeed, counsel will not be held to be ineffective for failure to raise every conceivable issue).

Furthermore, all of the claims in his motion fail because the record demonstrates Mr. Goetz's decisions were sound trial strategy which are entrusted to the professional discretion of counsel and are "virtually unchallengeable" in § 2255 proceedings. *Loefer v.*

---

[5] Notably counsel did object, at Defendant's request, and the witness was removed to the audience box. *Id*. A second objection based on Defendant's arbitrary and unsupported observations of the witness's conduct would have caused frivolous delay in the trial and, potentially, irritation of the jurors.

*United States*, 604 F.3d 1028, 1030 (8th Cir. 2010). It is true, however, that "[s]trategy resulting from lack of diligence in preparation and investigation is not protected by the presumption in favor of counsel." *Holder v. United States*, 721 F.3d 979, 994 (8th Cir. 2013) (citation omitted). Here, however, the record amply demonstrates Mr. Goetz's consummate diligence in the preparation and investigation of Defendant's case, as well as his competence and thoroughness when briefing and arguing these same legal issues at both the District Court and the Eighth Circuit.

Defendant also claims Mr. Goetz was constitutionally ineffective in his jury instruction advocacy. ECF Doc. 2255 at 21 – 24. Contrary to these claims, the record shows that trial counsel zealously advocated for jury instructions favorable to Defendant's theory of the case. Mr. Goetz cannot be deemed ineffective for failing to secure jury instructions that were not supported by the facts or the law of the Circuit, nor would these alleged failures rise to the level of a miscarriage of justice required under *Strickland*.

    4. <u>Claims Related to Sentencing</u>

Defendant makes a number of allegations against Mr. Goetz relating to sentencing. He claims that Mr. Goetz failed to object to enhancements (Grounds Eight and Nine), that he failed to object to the grouping methodology (Ground Four), and that he failed to seek a variance (Ground Ten). *Id.*, pages 27 - 33. But to meet his burden to establish ineffective assistance at sentencing, Defendant must show a reasonable probability that, but for these alleged errors, he would have received a lower sentence. *Jeffries v. United States*, 721 F.3d 1008, 1014 (8th Cir. 2013) (citing *Puckett v. United States*, 556 U.S. 129, 142 n. 4 (2009)).

"A reasonable probability 'is a probability sufficient to undermine confidence in the outcome.'" *Id*. (quoting *Strickland*, 466 U.S. at 694).

Defendant again fails to meet this onerous burden. Nothing in Defendant's 2255 motion shows – with *any* probability – that he would have received a lower sentence had trial counsel made the arguments that Defendant claims he should have. But the deficiencies alleged by Defendant were not deficiencies. Defendant's claim that Mr. Goetz failed to object to the use of acquitted conduct to enhance his base offense level is wholly unsupported by the record. Mr. Goetz did object to referencing racketeering conduct not found by a jury beyond a reasonable doubt. *See* PSR, Addendum, p. 4. Even in the absence an objection, there would be no *Strickland* error because acquitted conduct may be considered at sentencing. *See United States v. Haynie*, 8 F.4th 801, 807 (8th Cir. 2021) (a sentencing court is not precluded from considering conduct underlying an acquitted charge if the conduct has been proved by a preponderance of the evidence).

Defendant's claim that Mr. Goetz failed to object to the grouping methodology is not supported by the record. Trial counsel's sentencing memorandum did object – albeit unsuccessfully – to the grouping methodology. *See* ECF Doc. 1382 at 27. Defendant's other sentencing-related claims, failing to seek a variance, are also unsupported by the extensive record in this case. Defendant asks the Court to engage in impermissible second-guessing about the performance of an attorney who "observed the relevant proceedings, knew of materials outside the record, and interacted with the client, with opposing counsel, and with the judge." *Premo v. Moore*, 562 U.S. 115, 122 (2011); *see also Payne v. United*

*States*, 78 F.3d 343, 345 (8th Cir. 1996). Such "second-guessing" would be especially inappropriate here, because "ordinary questions of guideline interpretation falling short of the 'miscarriage of justice' standard do not present a proper § 2255 claim." *Auman v. United States*, 67 F.3d 157, 161 (8th Cir. 1995); *accord Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011) (en banc).

In sum, Mr. Goetz's performance never fell below the professional standard required under *Strickland*. This is especially clear when one considers the efforts Mr. Goetz made for Defendant. Mr. Goetz made targeted objections to the PSR. *See* PSR at A.1-A.6. He submitted a detailed sentencing position pleading that summarized both his client's personal history and presented analysis of the Sentencing Guidelines provisions. *See* Doc. No. 1072. And the results speak for themselves. Mr. Goetz vigorously and zealously represented Defendant for nine years during which time he secured a downward variance from an advisory life sentence, he obtained a post-conviction agreement from the government to vacate one of the 924(c) counts, he obtained a second downward variance to 480 months in 2017, and then a third variance to 420 months in 2020. The fact that Defendant was sentenced to significantly less than a life sentence is due in no small part to the competent services provided by Mr. Goetz.

<u>Claims Related to the Appeal</u>

Appellate counsel's decisions are considered in light of their function to eliminate weaker claims. *Roe v. Delo*, 160 F.3d 416, 418 (8th Cir. 1998). Appellate attorneys do not violate *Strickland's* performance prong when they do not raise meritless issues on appeal. *Meyer v. Sargent*, 854 F.2d 1110, 1115-16 (8th Cir.1988). All of Defendant's previous

11

claims of ineffective assistance at the trial stage, he also claims were wrongfully not raised on appeal – such as failing to appeal the issue of the use of acquitted conduct or failing to properly object to sentencing enhancements. *See* ECF Doc. 2255 at 27 – 31. Recycling as appellate error the alleged trial errors (i.e., alleging his own supposed ineffective assistance as a basis for appeal) provides no additional footing for Defendant's attack on the services of Mr. Goetz. *See* Doc. 2255, p. 34. As noted above, the record shows that Mr. Goetz had remarkable success on appeal which accrued to Defendant's benefit – reducing a 513-month sentence to 420 months.

5. <u>Cumulative Ineffective Assistance</u>

If Defendant were to claim that the sum of the alleged errors in the § 2255 motion amounted to ineffective assistance of counsel, he would be wrong. The Eighth Circuit has expressly rejected cumulative error as a basis for a *Strickland* claim. *See United States v. Stewart*, 20 F.3d 911, 917-18 (8th Cir. 1994).

**EVIDENTIARY HEARING**

A § 2255 motion can be dismissed without a hearing when: (1) defendant's allegations, if accepted as true, would not entitle him to relief; or (2) the allegations cannot be accepted as true because they are contradicted by the record, are inherently incredible, or are conclusions, rather than statements of fact. *Delgado v. United States*, 162 F.3d 981, 983 (8th Cir. 1998). A single, self-serving, self-contradictory statement is insufficient to render the motion, files, and records of a case inconclusive. *Holloway v. United States*,

905 F.2d 218, 220-21 (8th Cir. 1992). Put another way, mere "allegations" do not provide a basis for an evidentiary hearing. *Noe v. United States*, 601 F.3d 784, 792 (8th Cir. 2010).

Applying the standard to this case, the Court can and should readily conclude that no evidentiary hearing is required because the record affirmatively refutes the factual assertions upon which it is based. Here, each of Defendant's claims about Mr. Goetz's performance are contradicted by record or they are inherently incredible. Amongst the claims are conclusory statements and misstatements of the law combined with unsupported or outright false allegations against an experienced, highly regarded, and diligent defense attorney. The Court should decline to hold a hearing and deny Defendant's motions.

## CONCLUSION

Defendant has failed to establish that Mr. Goetz's representation was constitutionally deficient. Applying the highly deferential judicial scrutiny and the strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance, counsel did not fail Defendant in the performance of his duties. Assuming *arguendo* he did, no prejudice can be found because the defendant has failed to show a reasonable probability that but for counsel's alleged unprofessional errors, the result of the proceeding would have been different. Finally, no hearing is necessary because Defendant's allegations, if accepted as true, would not entitle him to relief, and because the

allegations are contradicted by the record, are inherently incredible, or are conclusions, rather than statements of fact. The motion to vacate or reduce his sentence should be denied forthwith.

Dated: May 12, 2023

Respectfully submitted,

ANDREW M. LUGER
United States Attorney

*s/ Andrew R. Winter*

BY: ANDREW R. WINTER
Assistant U.S. Attorney
Attorney ID No. 0232531