UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

UNITED STATES OF AMERICA,

                          Plaintiff,

v.

WAKINYAN WAKAN MCARTHUR,

                          Defendant.

Criminal No. 12-26 (JRT/JSM)

**MEMORANDUM OPINION AND ORDER DENYING MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

---

Andrew S. Dunne, Rachel L. Kraker, and Andrew R. Winter, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415; Katharine T. Buzicky, **UNITED STATES ATTORNEY'S OFFICE**, 316 North Robert Street, Suite 404, Saint Paul, MN 55101, for Plaintiff.

Wakinyan Wakan McArthur, Reg. No. 16299-041, Federal Corrections Institution – Gilmer, P.O. Box 6000, Glenville, WV 26351, *pro se* Defendant.

Defendant Wakinyan Wakan McArthur is serving a 420-month sentence after a jury convicted him of a RICO conspiracy and drug-trafficking charges. McArthur moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, arguing that he was denied his Sixth Amendment right to effective assistance of counsel during plea negotiations, litigation, sentencing, and on appeal. He also moved to strike the Government's response in opposition to his § 2255 Motion and moved to supplement his § 2255 motion with an additional argument in light of a recent Supreme Court ruling. Because the Supreme Court ruling was issued after he filed his § 2255 Motion, the Court will grant the Motion to Supplement. Because McArthur has not demonstrated

ineffective assistance of counsel, the Court will deny the § 2255 Motion. And because a copy of the Government's response and exhibit was mailed to McArthur, the Court will deny the Motion to Strike as moot.

## BACKGROUND

Following a six-week trial in 2013, a jury convicted McArthur of participating in a RICO conspiracy and drug-trafficking while a member of the Native Mob, a prison-and-street gang in Minnesota. (Jury Verdict, Mar. 19, 2013, Docket No. 1098.) The Court sentenced McArthur to a 516-month term of imprisonment. (Sentencing J. at 2, Oct. 9, 2014, Docket No. 1430.)

McArthur raised multiple issues on appeal. The Eighth Circuit vacated one of his convictions and remanded to the Court for resentencing. *United States v. McArthur*, 850 F.3d 925, 943 (8th Cir. 2017). The Court resentenced McArthur to a 480-month term of imprisonment. (Am. Sentencing J. at 2, June 6, 2017, Docket No. 1744.) McArthur then appealed that sentence. (Notice of Appeal, June 9, 2017, Docket No. 1748.)

While the second appeal was pending, the Supreme Court held that the residual clause of § 924(c)(3)(B) was unconstitutionally vague. *United States v. Davis*, 588 U.S. 445, 470 (2019). As a result, the Government conceded that McArthur's remaining § 924(c) conviction should also be vacated, and the Eighth Circuit remanded to the Court for resentencing. *United States v. McArthur*, 784 Fed. App'x 459, 461 (8th Cir. 2019). The Court resentenced McArthur to a 420-month term of imprisonment. (Resentencing J. at 2, Feb. 28, 2020, Docket No. 1971.) McArthur appealed his 420-month sentence, and the

Eighth Circuit affirmed the Court's judgment. *United States v. McArthur*, 11 F.4th 655, 664 (8th Cir. 2021).

McArthur then moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 based on ineffective assistance of counsel. (Def.'s Pro Se Mot., Nov. 21, 2022, Docket No. 2252.) He subsequently filed an amended § 2255 motion, which is now before the Court. (Def.'s Pro Se Am. Mot., Nov. 28, 2022, Docket No. 2255.) McArthur makes ten separate claims of constitutionally deficient performance by his counsel during plea negotiations, litigation, sentencing, and on appeal. The Government filed a brief in opposition to McArthur's § 2255 Motion, which McArthur moved to strike. (Pl.'s Resp. in Opp'n, May 12, 2023, Docket No. 2309; Def.'s Pro Se Mot. Strike Government's Resp., Aug. 24, 2023, Docket No. 2325.) In addition, McArthur filed a Motion to Supplement his § 2255 Motion, arguing that his counsel should have argued that, due to a recent Supreme Court ruling, certain enhancements should not have applied to his sentence. (Def.'s Pro Se Mot. Supplement § 2255 Mot., Aug. 19, 2024, Docket No. 2383.)

## DISCUSSION

### I. MOTION TO SUPPLEMENT

Because the Motion to Supplement the § 2255 Motion would impact the Court's analysis of the § 2255 Motion, the Court will analyze the Motion to Supplement first. The Court will grant the motion.

### A.     Standard of Review

Federal Rule of Civil Procedure 15(d) provides that "the [C]ourt may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). "[T]his rule gives the trial court, in the exercise of its sound discretion, the right to determine whether or not leave should be granted to file a supplemental pleading." *Minn. Mining & Mfg. Co. v. Superior Insulating Tape Co.*, 284 F.2d 478, 481 (8th Cir. 1960).

### B.     Analysis

McArthur requests permission to supplement his § 2255 Motion with an additional argument. As far as the Court can ascertain, McArthur claims that, in light of the Supreme Court's recent ruling in *Erlinger v. United States*, his counsel should have argued that certain enhancements should not have applied to his sentence. 144 S. Ct. 1840 (2024). McArthur filed his § 2255 Motion in November 2022. *Erlinger* was not released until June 2024. Because McArthur has provided a change in circumstance succeeding the filing of his motion—that is, a new Supreme Court ruling that he alleges supports his claims—the Court will grant his Motion to Supplement the § 2255 Motion.

**II.     SECTION 2255 MOTION**

McArthur moves to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the following reasons, the Court will deny the motion.[1]

**A.     Standard of Review**

Section 2255 allows a federal prisoner an opportunity to seek postconviction relief on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Relief under § 2255 "is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *Walking Eagle v. United States*, 742 F.3d 1079, 1081–82 (8th Cir. 2014) (quoting *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996)). As the movant, McArthur bears the burden to show that his sentence must be vacated. *Walker v. United States*, 900 F.3d 1012, 1015 (8th Cir. 2018).

Claims of ineffective assistance of counsel are governed by the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). To prevail, McArthur must show that his "counsel's performance was 'deficient' and that the 'deficient performance

---

[1] Because McArthur filed an amended § 2255 motion, the Court will deny his original § 2255 motion as moot.

-5-

prejudiced the defense.'" *Walking Eagle*, 742 F.3d at 1082 (quoting *Strickland*, 466 U.S. at 687). Counsel's performance is deficient if the "representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. For the first prong, "[j]udicial scrutiny of counsel's performance must be highly deferential," such that there is a "strong presumption" of competence. *Id.* at 689. To show prejudice for the second prong, "it is not enough to show a reasonable probability that the result of the trial would have been different absent the constitutionally deficient performance of counsel." *El-Tabech v. Hopkins*, 997 F.2d 386, 389 (8th Cir. 1993). Instead, McArthur "must show that counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair." *Id.*

### B.    Plea Negotiations

McArthur first argues that his counsel failed to adequately engage in plea negotiations with the Government. He claims that he "would have been willing to consider any plea offered by prosecutors," but that his counsel "never mentioned any plea offer by prosecutors." (Def.'s Pro Se Am. Mot. at 25.)

While the Sixth Amendment right to competent legal representation "extends to the plea-bargaining process," a criminal defendant does not have a constitutional right to a plea offer. *Lafler v. Cooper*, 566 U.S. 156, 163–64, 168 (2012) (applying *Strickland* to plea negotiations). Under *Strickland*'s prejudice prong, McArthur "must show the outcome of the plea process would have been different with competent advice." *Id.* at

163. To begin, McArthur must first prove that "a plea agreement was formally offered by the government." *Kingsberry v. United States*, 202 F.3d 1030, 1032 (8th Cir. 2000). He then must demonstrate a reasonable probability that he would have accepted the formal plea offer, that the offer would have been presented to the Court, that the Court would have accepted it, and that the conviction and/or sentence under the plea agreement would have been "less severe" than that which the Court imposed. *Lafler*, 566 U.S. at 164.

McArthur has not met his burden to demonstrate ineffective assistance during plea negotiations. The record clearly establishes that McArthur's counsel's representation was reasonable during plea negotiations, and that the Government never offered him a formal plea in the first place. McArthur's counsel submitted a declaration describing the plea bargain advice that he provided. After McArthur refused to agree to the Government's suggestion of a possible plea offer of 25 years of imprisonment, plea negotiations "reached an impasse," and the Government never tendered a formal plea offer to McArthur. (Decl. Frederick J. Goetz ¶¶ 3–6, May 12, 2023, Docket No. 2309-2.) The fact that the Government never tendered a formal plea offer within a range that McArthur authorized counsel to negotiate does not demonstrate ineffective assistance. *See Kingsberry*, 202 F.3d at 1032–33 (affirming finding of no ineffective assistance where no formal plea offer materialized); *Ramirez v. United States*, 751 F.3d 604, 607–08 (8th Cir. 2014) (same).

Even if the Government had tendered a formal plea offer, McArthur has not demonstrated that he would have accepted it, or that his conviction and sentence would have been less severe under the plea agreement than that imposed by the Court. *Lafler*, 566 U.S. at 164. Indeed, McArthur's steadfast assertion of his innocence—even in his § 2255 Motion—contradicts his argument that he would have accepted a plea deal and undermines his § 2255 Motion. *See Jackson v. United States*, 510 Fed. App'x 484, 488 (8th Cir. 2013) ("Defendant's] pronouncement that he was going to trial to 'beat all the charges' runs contrary to his claim that he would have accepted a plea deal had the government offered him one."); *Sanders v. United States*, 341 F.3d 720, 723 (8th Cir. 2003) ("A defendant who maintains his innocence at all the stages of his criminal prosecution and shows no indication that he would be willing to admit his guilt undermines his later § 2255 claim that he would have pleaded guilty if only he had received better advice from his lawyer.").

On this record, the Court finds that counsel made reasonable efforts to resolve the case within the scope authorized by McArthur during plea negotiations. McArthur has also not shown that he was prejudiced by the lack of a formal plea offer. Thus, he has failed to demonstrate ineffective assistance during plea negotiations.

### C.   Litigation

McArthur argues that his counsel's litigation performance was constitutionally deficient for various reasons. As far as the Court can ascertain, McArthur claims that counsel should have moved to dismiss counts in the Indictment, challenges his jury

instruction advocacy, and second guesses his failure to object a second time to witness coaching during trial.  As above, however, the Court finds that McArthur has not met his burden of showing ineffective assistance on each of these grounds.

First, the fact that his counsel did not raise certain arguments to dismiss the Indictment does not demonstrate deficient performance.  "Trial counsel has a 'duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary.'"  *Garrett v. Dormire*, 237 F.3d 946, 949 (8th Cir. 2001) (quoting *Strickland*, 466 U.S. at 686).  "Because of the problems inherent in hindsight analysis, we 'indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'"  *Loefer v. United States*, 604 F.3d 1028, 1029–30 (8th Cir. 2010) (quoting *United States v. Staples*, 410 F.3d 484, 488 (8th Cir. 2005)).

Here, the record amply demonstrates that McArthur's counsel's litigation performance was reasonable.  Counsel represented McArthur throughout a six-week trial and on McArthur's multiple appeals.  There is no suggestion in the record that he was not diligent in his preparation for or investigation of this case, *Holder v. United States*, 721 F.3d 979, 994 (8th Cir. 2013), and counsel's litigation decisions are "virtually unchallengeable."  *Loefer*, 604 F.3d at 1030.  The Court need not address the prejudice prong of the *Strickland* test because the deficient-performance prong has not been met.

McArthur's remaining arguments challenging his counsel's performance regarding jury instructions and objecting to witness coaching also fail.  "There is a strong

presumption that counsel's challenged action or omissions were, under the circumstances, sound trial strategy." *Garrett*, 237 F.3d at 949-50.  Counsel reasonably advocated for jury instructions that were favorable to McArthur's theory of the case and that were supported by the facts and law.  (*See* Proposed Jury Instr., Jan. 7, 2013, Docket No. 885; Trial Tr. at 281–327, June 11, 2013, Docket No. 1542.)  And McArthur has failed to demonstrate that a second objection to alleged witness coaching was either necessary or reasonable.  Thus, the Court finds no deficient performance on these grounds.

McArthur has failed to demonstrate ineffective assistance based on counsel's litigation performance.

**D.    Sentencing**

McArthur also argues that his counsel was constitutionally ineffective during sentencing.  As far as the Court can ascertain, McArthur claims that counsel erroneously failed to object to certain enhancements and the grouping methodology and to seek a downward variance.

To meet his burden, McArthur must "demonstrate a reasonable probability that his sentence would have been different but for the deficient performance." *Jeffries v. United States*, 721 F.3d 1008, 1014 (8th Cir. 2013).  "A reasonable probability 'is a probability sufficient to undermine confidence in the outcome.'" *Id.* (quoting *Strickland*, 466 U.S. at 694).

McArthur has failed to meet his burden to demonstrate ineffective assistance of counsel during sentencing.  Counsel made multiple objections to the Presentence

Investigation Report and filed thorough sentencing position papers for each sentencing in this case. (Revised Presentence Report/Addendum at 121–26, Dec. 20, 2019, Docket No. 1954; *see e.g.*, Def.'s 2nd Suppl. Pleading as to Sentence, Feb. 18, 2020, Docket No. 1966.) Additionally, McArthur's argument that his counsel's performance was constitutionally defective because he did not argue against certain enhancements in light of the ruling in *Erlinger v. United States* is meritless. *Erlinger* placed additional guardrails on the Armed Career Criminal Act, but McArthur was not sentenced as an Armed Career Criminal. 144 S. Ct. at 1846. And even if he had been, *Erlinger* was not decided until years after McArthur's sentencing and resentencing. Counsel's performance was not constitutionally deficient for failing to raise an argument based on a case that was published years after the sentencing hearings.

At any rate, McArthur's arguments are flatly contradicted by the record. Counsel did object to the guideline calculations and any reference to racketeering conduct not found by a jury beyond a reasonable doubt that was applied to McArthur's base offense level. (Revised Presentence Report/Addendum at 124.) Counsel also objected to the grouping methodology, (Def.'s Position on Sentencing/Sentencing Mem. at 27, May 15, 2014, Docket No. 1382,) and secured multiple downward variances from an advisory life sentence throughout his trial and appellate advocacy. Because McArthur has not demonstrated that counsel's performance during sentencing was deficient, he has failed to show ineffective assistance on this ground.

### E. Appeal

McArthur also claims ineffective assistance based on his counsel's appellate performance. McArthur claims that all of the arguments that were wrongfully not raised at the trial stage were also wrongfully forfeited on appeal.

As above, McArthur does not meet his *Strickland* burden. *Zinzer v. Iowa*, 60 F.3d 1296, 1299 (8th Cir. 1995) (applying *Strickland* to appellate performance). Absent contrary evidence, "appellate counsel's failure to raise a claim [is] an exercise of sound appellate strategy." *United States v. Brown*, 528 F.3d 1030, 1033 (8th Cir. 2008) (quoting *Roe v. Delo*, 160 F.3d 416, 418 (8th Cir. 1998). Counsel's failure to raise arguments on appeal were no more erroneous than the strategic choices counsel made at trial. Indeed, "[b]ecause one of appellate counsel's important duties is to focus on those arguments that are most likely to succeed, counsel will not be held to be ineffective for failure to raise every conceivable issue." *Winters v. United States*, 716 F.3d 1098, 1106 (8th Cir. 2013) (quoting *Link v. Luebbers*, 469 F.3d 1197, 1205 (8th Cir. 2006)). The record demonstrates that McArthur's counsel's appellate performance was reasonable. In fact, counsel's success on McArthur's multiple appeals resulted in two counts of conviction being dismissed and a resentencing from 516 months to 420 months of imprisonment. That performance was not constitutionally deficient.

\*   \*   \*

In sum, the record demonstrates that McArthur's counsel acted both reasonably and diligently while advocating for McArthur. McArthur has failed to meet his burden to

demonstrate deficient performance or prejudice from his counsel's representation on any of his asserted grounds. Accordingly, the Court will deny the § 2255 Motion.

## III. EVIDENTIARY HEARING

A movant is entitled to an evidentiary hearing on a § 2255 motion unless the "claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Anjulo-Lopez v. United States*, 541 F.3d 814, 817 (8th Cir. 2008). The Court has concluded that each argument raised by McArthur in his § 2255 Motion is either insufficient to demonstrate ineffective assistance of counsel or contradicted by the record. Accordingly, no evidentiary hearing is necessary.

## IV. CERTIFICATE OF APPEALABILITY

A final order in a proceeding under § 2255 can only be appealed if "a circuit justice or judge issues a certificate of appealability" because "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). To make a substantial showing, the applicant must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quotation omitted); *see also Flieger v. Delo*, 16 F.3d 878, 882–83 (8th Cir. 1994).

The question in this case is whether McArthur was denied ineffective assistance of counsel. After careful consideration of the record, the Court finds that he was not. Further, the Court finds that McArthur has not demonstrated that the issues in this action

are debatable among reasonable jurists, that a court could resolve them in a different manner, or that they deserve encouragement to proceed further. Accordingly, the Court will not grant a certificate of appealability.

## V.     MOTION TO STRIKE

McArthur moves to strike the Government's response in opposition to his § 2255 Motion because the declaration from his counsel that is referenced in the Government's response was not attached to the copy forwarded to McArthur. Without access to the declaration, McArthur argues he is unable to effectively reply. However, it is the Court's understanding that a second copy of the Government's response was mailed to McArthur. (*See* Order, June 8, 2023, Docket No. 2312 (directing Clerk's Office to provide a copy of the Government's response and exhibits to the defendant).) Accordingly, the Court will deny the Motion to Strike as moot.

## CONCLUSION

Because the Supreme Court ruling that McArthur claims supports his § 2255 Motion was issued after he filed his §2255 Motion, the Court will grant his Motion to Supplement. Because McArthur failed to meet his burden of proof to show deficient performance and prejudice from his counsel's representation and thus has not demonstrated ineffective assistance of counsel, the Court will deny his § 2255 Motion. And finally, because a second copy of the Government's response and referenced exhibit was mailed to McArthur, the Court will deny his Motion to Strike as moot.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion to Supplement the § 2255 Motion [Docket No. 2383] is **GRANTED**;

2. Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Docket No. 2252] is **DENIED as moot**;

3. Defendant's Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Docket No. 2255] is **DENIED**;

4. The Court does **NOT** certify for appeal under 28 U.S.C. § 2253(c) the issues raised in Defendant's Motion; and

5. Defendant's Motion to Strike Government's Response [Docket No. 2325] is **DENIED as moot**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:  September 5, 2024                                      \_\_\_\_s/John R. Tunheim\_\_\_\_
at Minneapolis, Minnesota.                                               JOHN R. TUNHEIM
                                                                         United States District Judge