UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

UNITED STATES OF AMERICA,

                                                  Criminal No. 12-26 (JRT/JSM)

Plaintiff,

v.                                         MEMORANDUM OPINION AND ORDER
                                           DENYING MOTION TO RECONSIDER

WAKINYAN WAKAN MCARTHUR,

Defendant.

---

Andrew S. Dunne, Rachel L. Kraker, and Andrew R. Winter, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415; Katharine T. Buzicky, **UNITED STATES ATTORNEY'S OFFICE**, 316 North Robert Street, Suite 404, Saint Paul, MN 55101, for Plaintiff.

Wakinyan Wakan McArthur, Reg. No. 16299-041, FCI Gilmer, P.O. Box 6000, Glenville, WV 26351, *pro se* Defendant.

Defendant Wakinyan Wakan McArthur is serving a 420-month sentence after a jury convicted him of participating in a RICO conspiracy and drug trafficking. He now moves for the Court to reconsider its denial of his motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Because McArthur has failed to show compelling circumstances that would warrant reconsideration of the denial of the § 2255 motion, the Court will deny his request.

## BACKGROUND

The Court originally sentenced McArthur to a 516-month term of imprisonment, but after two successful appeals the Court resentenced him to 420 months, which was

affirmed by the Eighth Circuit. *United States v. McArthur*, 11 F.4th 655, 657–59, 664 (8th Cir. 2021). McArthur then moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 based on ineffective assistance of counsel, asserting ten separate claims of constitutionally deficient performance by his attorney. (Mot. Under 28 U.S.C. § 2255, Nov. 28, 2022, Docket No. 2255.) The Court denied the motion because McArthur failed to demonstrate deficient performance or resulting prejudice from his counsel's representation. *United States v. McArthur*, No. 12-26, 2024 WL 4063886, at *6 (D. Minn. Sept. 5, 2024). McArthur now moves for the Court to reconsider its decision. (Mot. Reconsider, Oct. 11, 2024, Docket No. 2389.)

## DISCUSSION

### I.   STANDARD OF REVIEW

A party may not file a motion to reconsider unless it has obtained the Court's permission based on a showing of "compelling circumstances." D. Minn. L.R. 7.1(j); *see also United States v. Johnson*, No. 16-193, 2020 WL 7418968, at *1 n.1 (D. Minn. Dec. 18, 2020) (noting that, while L.R. 7.1(j) appears in the rules section applicable to civil motion practice, courts in this District apply the same legal standard for motions to reconsider filed in criminal cases). McArthur has filed a motion to reconsider, but he neither requested nor received permission from the Court to file such a motion. As a result, the Court will liberally construe his pro se filing as a request for permission to file a motion to reconsider. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting pro se documents are "to be liberally construed").

Motions to reconsider are meant to serve a limited function: "to correct manifest errors of law or fact or to present newly discovered evidence." *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988) (quotation omitted). Granting permission to file a motion to reconsider is appropriate when necessary to afford a party "an opportunity for relief in extraordinary circumstances." *Shukh v. Seagate Tech., LLC*, No. 10-404, 2011 WL 2880726, at *1 (D. Minn. July 18, 2011) (quoting *Dale & Selby Superette & Deli v. United States Dept. of Agric.*, 838 F. Supp. 1346, 1347–48 (D. Minn. 1993)).

II. **ANALYSIS**

McArthur raises three issues in his Motion: (1) that the Court abused its discretion by treating his ineffective assistance claims as a single entity instead of analyzing each claim separately, (2) that his attorney failed to raise objections to his guideline sentencing calculations, and (3) that the Court should have held an evidentiary hearing on his ineffective assistance claims.

These arguments do not establish that McArthur is entitled to relief under "extraordinary circumstances" that warrant reconsideration of the Court's denial of the § 2255 motion. *Shukh*, 2011 WL 2880726, at *1.

A. **Separate Analysis of Claims**

McArthur first argues that the Court abused its discretion by treating his ineffective assistance claims as a "single entity" instead of analyzing each claim separately. (Mot. Reconsider at 1.)

In general, a court may group and address a party's claims in an order that is easier for readers to follow. *See, e.g.*, *United States v. Barajas*, No. 10-20077-02, 2015 WL 2165300, at *4 (D. Kan. May 8, 2015) (analyzing claims of ineffective assistance of counsel "in chronological order of their occurrence").

In its Order denying the § 2255 motion, the Court opted not to address McArthur's ineffective assistance claims in the order presented in his motion but rather chronologically: at plea negotiations, then litigation, then sentencing, and finally on appeal. Having so organized the claims, the Court then applied the two-part *Strickland* standard to each of McArthur's ten claims. *McArthur,* 2024 WL 4063886, at *1–5.

Such stylistic preferences by the Court do not constitute extraordinary circumstances that would urge reconsideration of the Motion.

**B.    Guidelines Calculations**

Second, McArthur argues that his attorney failed to object to the enhancements applied to the drug conspiracy offense, which he claims should have been applied to the RICO offense.

The Court already reviewed and rejected a version of this argument. (Def.'s Pro Se Am. Mot. at 30, Nov. 28, 2022, Docket No. 2255 (arguing that "the objections used to calculate petitioner's base offense level on count seven, were not objected to on the basis that those enhancements were applicable solely to count one.").) In its Order, the Court found that McArthur's attorney made multiple objections to the Presentence

Investigation Report, filed thorough sentencing position papers for each round of sentencing, objected to the guideline calculations and grouping methodology, and ultimately secured multiple downward variances from an advisory life sentence. *McArthur,* 2024 WL 4063886, at *5.  Because McArthur must satisfy both *Strickland* prongs to prevail on his ineffective-assistance claims, the Court "need not address both components of the inquiry if [McArthur] makes an insufficient showing on one." *Coleman v. United States*, 750 F.3d 734, 739 (8th Cir. 2014) (quoting *Strickland v. Washington*, 466 U.S. 668, 697 (1984)).  Since the Court determined that McArthur failed to demonstrate deficient performance of counsel at sentencing, McArthur failed to show ineffective assistance.

Yet even if McArthur's attorney had objected pursuant to McArthur's argument, McArthur has failed to show a reasonable probability that his sentence would have been different.  To meet his burden, McArthur must demonstrate "a probability sufficient to undermine confidence in the outcome" that his sentence would have been different "but for the deficient performance."  *Jeffries v. United States*, 721 F.3d 1008, 1014 (8th Cir. 2013).

In McArthur's defense, the sentencing calculation for RICO claims is complex.  As it was instructed to do by the United States Sentencing Guidelines, the Court first untangled the various underlying offenses bound up in the RICO conspiracy count into different "pseudo counts"—three different groups for attempted murders and one group

for drug trafficking.  (PSR ¶¶ 313–17, Dec. 20, 2019, Docket No. 1954; Resentencing Hr'g Tr. at 6:13–7:12, May 26, 2020, Docket No. 1992.)  To those groups, the Court then added any underlying offenses on which McArthur was found guilty.  That included adding Count 7—conspiracy to distribute and possess with intent to distribute controlled substances—to the Drug Trafficking sentencing group, Group 4.  (PSR ¶ 317; Resentencing Hr'g Tr. at 7:7–12.)  The Drug Trafficking sentencing group thus contained two separate crimes: the substantive offense for conspiracy to traffic drugs (to be sentenced under USSG § 2D1.1), and the portion of the RICO offense that related to drug trafficking (to be sentenced under USSG § 2K2.1).

Each of the two crimes in the Drug Trafficking sentencing group have their own sentencing calculations under the Sentencing Guidelines.  But when different offenses are grouped like this for sentencing purposes, enhancements apply only to the "most serious offense."  *United States v. Kroeger*, 229 F.3d 700, 702–03 (8th Cir. 2000).  The most serious offense is the offense with the highest base level under the guidelines, not the offense with the highest statutory maximum sentence.  *Id.* at 703; *see also* USSG § 3D1.3(a).

Here, the Court built the enhancements on the drug conspiracy offense, which had a base offense level of 30.  (*See* PSR ¶ 340; Resentencing Hr'g Tr. at 7:10–25.)  McArthur argues the RICO offense had a higher base level and thus the Court should have built the enhancements off of that offense instead.  But because a firearm was used in furtherance of a different crime charged in this case, the Sentencing Guidelines ultimately recommend

that the base level of the RICO offense mirror the base offense level of the underlying offense. *See* USSG §§ 2K2.1(c)(1)(A), 2X1.1(a). In other words, the RICO base level for drug conspiracy would also have used a base level of 30, meaning there would not have been any difference in the enhancement calculation. Because the Court did not misapply the enhancement calculations, the Court will deny McArthur's Motion to Reconsider as to this argument.

Separately, McArthur argues that, even if the grouping was properly calculated, his counsel provided ineffective assistance by not objecting to his characterization as a leader of the conspiracy. He claims it was inconsistent for the Court to sentence McArthur for being a leader of a drug conspiracy if the jury had acquitted him of at least some of the drug types and quantities that were charged as being objects of the conspiracy. (*See* Jury Verdict at 1–3, 5–8, Mar. 19, 2013, Docket No. 1098 (finding the conspiracy involved cocaine mixture and cocaine base but not methamphetamine, heroine, or oxycodone).) As far as the Court can ascertain, McArthur is objecting to the 4-level increase that the Court applied to McArthur for holding a leadership position in the conspiracy pursuant to USSG § 3B1.1(a). (*See* PSR ¶ 347; Resentencing Hr'g Tr. at 6:18–19, 6:24–25, 7:4–5, 7:18–19.) But the precise drugs at issue do not affect this particular calculation; the only question is whether he held a leadership role in the conspiracy. The PSR recommended and the Court found that he did. Thus, even if McArthur's attorney had raised an

objection pursuant to this argument, McArthur has not demonstrated that it would have changed the sentence.

Overall, McArthur has failed to show any manifest error of law that would warrant reconsideration of the Court's decision as to the guideline calculations.

### C. Evidentiary Hearing

Finally, McArthur insists that not getting an evidentiary hearing for his § 2255 motion "placed [him] in the impossible position of being forced to prove, before any hearing being held, the facts in which can only be established by a hearing." (Mot. Reconsider at 1–2.)

As even McArthur seems to acknowledge, the Court may dismiss an ineffective assistance claim without first conducting an evidentiary hearing if the "claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Anjulo-Lopez v. United States*, 541 F.3d 814, 817 (8th Cir. 2008); *see also Shaw v. United States*, 24 F.4th 1040, 1043 (8th Cir. 1994). As the Court explained in its Order denying the § 2255 motion, each claim for ineffective assistance of counsel raised by McArthur was either insufficient to demonstrate ineffective assistance or contradicted by the record. *McArthur,* 2024 WL 4063886, at *1–5. In fact, the Court explicitly rejected McArthur's argument that his counsel provided ineffective assistance by allegedly failing to object to the calculation of the base offense level. *Id.* at *4–5.

Because the Court found that each claim was facially inadequate, McArthur was not entitled to an evidentiary hearing. *Anjulo-Lopez*, 541 F.3d at 817.

The Court finds that McArthur has failed to show compelling circumstances that would warrant reconsideration of its denial of the § 2255 motion. Accordingly, the Court will deny McArthur's request for permission to file a motion to reconsider.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's Motion to Reconsider [Docket No. 2389] is **DENIED**.

DATED: March 11, 2025  
at Minneapolis, Minnesota.

                                                 ___s/John R. Tunheim___  
                                                 JOHN R. TUNHEIM  
                                                 United States District Judge